UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BARRY G. HON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:09-CV-149 |
| ) | |
| KRUSE INC., ) | |
| *doing business as Kruse International*, ) | |
| and DEAN KRUSE, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff Barry G. Hon filed his complaint in this Court on June 2, 2009, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) In his complaint, the Plaintiff alleges that he is "an individual residing in Dana Point, California." (Compl. ¶ 2.) The Plaintiff further states that Defendant Kruse International "is an Indiana corporation with its principal office in Auburn, Indiana[,]" and that "Defendant Dean Kruse is a principal of Kruse International and resides in Auburn, Indiana." (Compl. ¶¶ 3, 4.)

Plaintiff's complaint, however, is inadequate. This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).
   Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency. As to Plaintiff Hon and Defendant Kruse, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence."). Thus, the complaint is defective because it only advises of these individuals' residency, not their citizenship.

Therefore, the Plaintiff is ORDERED to file an amended complaint forthwith, properly alleging the citizenship of each party.

SO ORDERED.

Enter for this 3rd day of June, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge